IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                Plaintiff,                      OPINION and ORDER

    v.                                            12-cv-259-bbc

WARDEN WILLIAM POLLARD,
DR. SUMINICHT, M.D.,
R.N. AMY SCHRAUFNGED, R.N. S. JACKSON,
ANGLIA KROLL (ICE -PA),
DR. DAVID BURNETT, B.H.S. MEDICAL. D.,
DR. SCOTT HOFTIEZER, B.H.S. A.M.D.,
MR. JIM GREER, B.H.S. DIRECTOR,
MS. MARY MUSE, B.H.S. DIRECTOR OF NURSING,
and OFFICIAL JONES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, an inmate at the Waupun Correctional Institution, is proceeding on Eighth Amendment deliberate indifference claims against the above-captioned defendants for failing to treat his lower back and abdominal ailments. In a March 26, 2013 order, I denied motions for summary judgment and preliminary injunctive relief brought by plaintiff, and in a May 17, 2013 order, I denied plaintiff's motions for reconsideration of the March 26 decision. Now before the court are plaintiff's renewed motion for preliminary injunctive relief, motion regarding access to the courts and motion for a ruling on these motions. Meanwhile, defendants have filed a motion to revoke plaintiff's in forma pauperis status and a motion to stay the dispositive motions deadline.

1

After considering the parties' submissions, I will deny plaintiff's motion for preliminary injunctive relief, grant defendants' motion to revoke plaintiff's in forma pauperis status and plaintiff will be given a short deadline to pay the filing fee or have the case dismissed. Defendants' motion to stay the dispositive motion deadline will be granted and plaintiff's motions regarding access to the courts and for a ruling on his motions will be denied.

OPINION

A. Motion for Preliminary Injunctive Relief

In the court's March 26, 2013 order, I stated the following in denying plaintiff's motion for summary judgment:

> Given the facts submitted by the parties, I will deny plaintiff's motion for summary judgment. Plaintiff has failed to show that defendants have been deliberately indifferent to a serious medical need. At this point, plaintiff has a diagnosis of a hemorrhoid. Even if I assume that this constitutes a serious medical need, plaintiff's medical records show that he has been receiving treatment. Plaintiff is simply not qualified to testify that he has a "lower abdominal infection" or that defendant Sumnicht's treatment options have violated the Eighth Amendment. When a party argues that his medical providers' treatment decisions have been made with deliberate indifference, he must show that the decisions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision[s] on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996); Snipes v. De Tella, 95 F.3d 586, 590-91 (7th Cir.1996) (plaintiff must show that treatment decision was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition").

Dkt. #40 at 5-6. In denying plaintiff's motion for preliminary injunctive relief, I stated,

> Plaintiff has submitted essentially the same proposed findings of fact . . . . These facts fare no better the second time around; as discussed above, the

facts show that plaintiff is receiving treatment for his hemorrhoid and he fails to put forth enough detail to support a claim regarding any other malady he believes he has.

Id. at 7.

Te findings of fact that plaintiff has submitted in support of his latest motion for preliminary injunctive relief closely resemble his earlier proposed findings. In particular, the medical record shows that plaintiff was sent to the Waupun Memorial Hospital on June 4, 2012 for a physical exam and colonoscopy, and the surgeon performing the exam and colonoscopy did not find any problems. To the extent that plaintiff expands on the course of treatment in his new proposed findings, he does so by providing facts regarding his treatment after he filed his complaint in this action and his assignment to a top bunk, which plaintiff states exacerbates his back pain when he climbs into bed. However, plaintiff has not supplemented his complaint to include these new allegations, so I cannot consider them as part of this case. Sticking to the proposed findings of facts supporting the claims on which he was allowed to proceed, I must deny plaintiff's renewed motion for preliminary injunctive relief because his proposed findings merely recap facts that I have already concluded are insufficient to show that he has a likelihood of success on his Eighth Amendment claims.

### B. Motion to Revoke In Forma Pauperis Status

Based on plaintiff's inability to produce sufficient persuasive facts in support of his summary judgment and preliminary injunction motions, defendants have filed a motion to revoke plaintiff's in forma pauperis status. As defendants point out, in the August 31, 2012

3

order screening plaintiff's claims, I stated the following:

> I warn plaintiff about the ramifications facing litigants who abuse the imminent danger exception to their three-strike status. The only reason that plaintiff has been allowed to proceed in forma pauperis in this case is that his allegations suggest that he was under imminent danger of serious physical injury at the time that he filed his complaint. The "imminent danger" exception under 28 U.S.C. § 1915(g) is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In certain cases it may become clear from the preliminary injunction proceedings that a plaintiff who has already received three strikes under § 1915(g) for bringing frivolous claims has exaggerated or even fabricated the existence of a genuine emergency in order to circumvent the three-strikes bar. In such a case, this court may revoke its grant of leave to proceed in forma pauperis once it is clear that plaintiff was never in imminent danger of serious physical harm. Plaintiff would then be forced to pay the full $350 filing fee or have his case dismissed.

Dkt. #8 at 12. See also Taylor v. Watkins, 623 F.3d 483, 485–86 (7th Cir. 2010) ("If a defendant contests a plaintiff's imminent-danger allegations, . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing."). It is appropriate to rely on the facts submitted by both sides regarding plaintiff's earlier motion for summary judgment and motions for preliminary injunctive relief in this case because they reflect a largely undisputed medical record. Based on those facts, I conclude that defendants' motion should be granted and plaintiff's in forma pauperis status should be revoked.

Defendants state that "the only reasonable conclusion [to be drawn for plaintiff's various factual submissions thus far] is that [plaintiff] is exaggerating or falsifying his medical condition to circumvent the three-strike rule." I am not certain that plaintiff is intentionally exaggerating his medical condition, but it is clear that at the very least, he

4

consistently misunderstands medical reports submitted regarding the various tests and procedures he has been given. As I stated in the May 17, 2013 order denying plaintiff's motions for reconsideration of the denial of his motions for summary judgment and preliminary injunctive relief:

> The facts in this case are largely undisputed and located in plaintiff's medical records. It is plaintiff's *interpretation* of the facts that is different from defendants—he believes that test results and photographs show some kind of intestinal or abdominal ailment, but at this point, the medical professionals who have examined plaintiff disagree.

Dkt. #48 at 4. The record shows that prison staff have taken plaintiff's complaints seriously, insured that he received tests to evaluate his symptoms, and concluded that there is nothing wrong with plaintiff other than a hemorrhoid, for which he is receiving treatment. In short, there is no indication that plaintiff's medical problems fall anywhere close to his complaints of "lower abdominal infection" or other serious maladies suggesting that he is in imminent danger of serious physical harm. Accordingly, plaintiff's in forma pauperis status will be revoked, and plaintiff will have to pay the remainder of the $350 filing fee he owes for this case (which is $349.35) or it will be dismissed. Defendants' motion to stay the dispositive motions deadline will be granted and a new deadline will be set should plaintiff pay the filing fee for this case by the deadline set by the court.

## C. Access to the Courts

Plaintiff has filed a motion in which he argues that he has been denied access to the court in litigating this case because prison staff has tampered with his mail or refused to send

5

it out.  Plaintiff's motion is somewhat difficult to understand but he provides documents showing that he was not allowed to send out one mailing in July 2013.  However, plaintiff does not explain what documents were blocked or how it affected his ability to litigate this case.  The docket shows that plaintiff was able to file dozens of documents in support of his own summary judgment and preliminary injunction motions, as well as responses to defendants' motions, so there is no indication that plaintiff has been blocked from litigating this case.  Accordingly, his motion will be denied.

### D. Further Lawsuits Regarding Back/Abdomen Problems

This case is just the latest in a line of cases in this court and the Eastern District of Wisconsin having to do with plaintiff's perceived ongoing back and abdominal problems. Almond v. Lutsey, 11-cv-333-bbc (W.D. Wis. Dec. 15, 2011) (case dismissed for plaintiff;'s failure to exhaust administrative remedies); Almond v. Pollard, 09-cv-335-bbc (W.D. Wis. Mar. 1, 2011) (granting summary judgment to defendants on claims regarding back ailments); Almond v. Pollard, 08-cv-546 (E.D. Wis. Mar. 26, 2009) (granting summary judgment to defendants on claims regarding back ailments; Almond v. Lesatz, 06-cv-446-bbc (W.D. Wis. Oct. 29, 2006) (case dismissed for plaintiff's failure to exhaust administrative remedies).  Plaintiff has not been successful in any of these cases.  In addition to the numerous exams plaintiff has received at the prison, the medical records provided by the parties in these cases show that plaintiff has been seen off-site for xrays at least twice and for the colonoscopy discussed above, and no medical problems with plaintiff's back or bowels

have been found. Yet he continues to initiate "imminent danger" litigation that does not reveal any constitutional violations by prison staff.

As a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words "imminent danger" rather than conditions truly passing muster under § 1915(g), the court will bar plaintiff from proceeding in forma pauperis on future "imminent danger" claims relating to his perceived back and abdomen ailments unless plaintiff's complaint is accompanied by records showing that plaintiff has been diagnosed with new ailments and is failing to receive treatment for them. Future "imminent danger" lawsuits filed by plaintiff regarding back and abdomen problems that do not include such documentation will be deemed automatically dismissed after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).

For the time being, plaintiff remains free to file lawsuits in forma pauperis regarding any other issue and remains free to file lawsuits regarding his back and abdomen problems by prepaying the entire filing fee for that action. Should plaintiff abuse his in forma pauperis status in future filings, the court will consider further sanctions.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's renewed motion for preliminary injunctive relief, dkt. #50, is DENIED.

2. Defendants' motion to revoke plaintiff's in forma pauperis status, dkt. #52, is

GRANTED. Plaintiff may have until September 17, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $349.35. If plaintiff does not pay the fee by this deadline, the case will be dismissed for plaintiff's failure to pay the filing fee.

3. Defendants' motion to stay the dispositive motions deadline, dkt. #52, is GRANTED. A new deadline will be set should plaintiff pay the full filing fee for this case.

4. Plaintiff's motion for a ruling on his previously filed motions, dkt. #64, is DENIED as moot.

5. Plaintiff's motion regarding access to the courts, dkt. #63, is DENIED.

6. Plaintiff is barred from proceeding in forma pauperis on future "imminent danger" claims relating to his perceived back and abdomen ailments unless plaintiff's complaint is accompanied by records showing that plaintiff has been diagnosed with new ailments and is failing to receive treatment for them. Future "imminent danger" lawsuits filed by plaintiff regarding back and abdomen problems that do not include such documentation will be deemed automatically dismissed after 30 days unless the court orders otherwise.

Entered this 28th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge