IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                Plaintiff,                                      ORDER

      v.                                                      12-cv-259-bbc

WARDEN WILLIAM POLLARD,
DR. SUMINICHT, M.D.,
R.N. AMY SCHRAUFNGED, R.N. S. JACKSON,
ANGLIA KROLL (ICE -PA),
DR. DAVID BURNETT, B.H.S. MEDICAL. D.,
DR. SCOTT HOFTIEZER, B.H.S. A.M.D.,
MR. JIM GREER, B.H.S. DIRECTOR,
MS. MARY MUSE, B.H.S. DIRECTOR OF NURSING,
and OFFICIAL JONES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an August 28, 2013 order, I denied plaintiff Dwayne Almond's renewed motion for preliminary injunctive relief, granted defendants' motion to revoke plaintiff's in forma pauperis status because the facts plaintiff had alleged in briefing his previous motions showed that he was not in imminent danger of serious physical harm and gave plaintiff until September 17, 2013 to submit the remaining balance of the $350 filing fee if he wanted to continue with the case. Dkt. #66. Additionally, I issued the following sanction against plaintiff:

> As a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words "imminent danger" rather than conditions truly passing muster under § 1915(g), the court will bar

1

>plaintiff from proceeding in forma pauperis on future "imminent danger" claims relating to his perceived back and abdomen ailments unless plaintiff's complaint is accompanied by records showing that plaintiff has been diagnosed with new ailments and is failing to receive treatment for them. Future "imminent danger" lawsuits filed by plaintiff regarding back and abdomen problems that do not include such documentation will be deemed automatically dismissed after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).

Id.

Rather than submit the remaining balance of the filing fee, plaintiff filed a document that I construed as a motion for reconsideration of the August 28 order and then denied. Now before the court is a second motion for reconsideration, dkt. #69, that I will deny as well because it raises no substantive argument regarding the August 28 order.

Additionally, I note that plaintiff has filed a notice of appeal from the October 4, 2013 judgment issued following plaintiff's failure to prepay the $350 filing fee for this case. This court would usually determine whether plaintiff qualifies for in forma pauperis status on appeal, but it is unnecessary to do so in this case because the Court of Appeals for the Seventh Circuit has already directed plaintiff to prepay the entire $455 filing fee for his appeal due to his three-strike status. Dkt. #74. Even had plaintiff filed a formal motion for leave to proceed in forma pauperis on appeal, it would be denied because of his three-strike status and this court's earlier determination that he is not in imminent danger of serious physical harm. Almond v. Pollard, 443 F. App'x 198, 201 (7th Cir. 2011) ("an abundance of evidence presented during the lawsuit refuted Almond's claim that his back pain was being ignored, so the court should not have credited his assertion of imminent danger [on appeal] and allowed him to skirt the three-strikes bar.").

2

ORDER

IT IS ORDERED that plaintiff Dwayne Almond's second motion for reconsideration of the court's August 28, 2013 order, dkt. #69, is DENIED.

Entered this 23rd day of October, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge